**UNITED STATES of America,**
**Appellee,**

v.

**Louis GHIZ, Appellant.**

**No. 72–1728.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1974.

Decided Feb. 5, 1974.

John B. Carrico, Charleston, W. Va. (Stanley E. Preiser and David C. McCue, Charleston, W. Va., on brief), for appellant.

Robert B. King, Asst. U. S. Atty. (John A. Field, III, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

---

**600**

HAYNSWORTH, Chief Judge:

Louis Ghiz was convicted by a jury in the United States District Court for the Southern District of West Virginia of transporting a stolen vehicle from Charleston, West Virginia, to Gary, Indiana, in violation of 18 U.S.C. § 2312. He was sentenced to two years imprisonment, from which he appeals.

Because Federal Bureau of Investigation agent, Knott, was allowed to testify as to the defendant's assertion of his fifth amendment privilege, we must reverse.

Several FBI agents interviewed Ghiz twice in regard to the charge in the indictment and related crimes and incidents. Special Agent Calvin D. Knott testified concerning one of these conversations as follows:

Q. Mr. Knott, did you have any further conversation with Mr. Ghiz on that occasion?

A. Yes sir. We started to ask him some questions about the Mack tractor that he purchased from Mr. Pauley, at which time he stated that he did not desire to answer any questions concerning that tractor and the interview was terminated.

■ The defendant claims that this testimony constitutes an improper reference to an exercise by him of his fifth amendment privilege.[1] The Supreme Court has clearly held that a defendant's refusal to answer questions cannot be used against him at trial, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and this Court has recently indicated that if, in declining to answer certain questions, a criminal accused invokes his fifth amendment privi-

lege or in any other manner indicates he is relying on his understanding of the Miranda warning, evidence of his silence or of his refusal to answer specific questions is inadmissible. United States v. Moore, 4 Cir., 484 F.2d 1284, 1285–1286.

■ There can be little doubt that in stating that he did not desire to answer any questions concerning the Mack tractor, Ghiz was relying on his understanding of the Miranda warning which had been read to him at the beginning of the interview. He was on trial for the unlawful transportation of the Mack tractor and the jury may well have found significance in his refusal to talk about it. The testimony of Agent Knott was, therefore, inadmissible and the conviction must be reversed.

In Boeckenhaupt v. United States, 4 Cir., 392 F.2d 24, we declined to reverse a conviction where an FBI agent while testifying as a witness, twice alluded to the fact that the defendant, on advice of counsel, had declined to answer two questions. We said the answers were improper, but we found them harmless error in the context of a long and complicated trial and in light of the facts that the answers of the witness were not called for by the unobjectionable questions of the prosecutor and further references of this sort were foreclosed by a curative instruction by the court to the witness in the presence of the jury. Here we have no such moderating circumstances.

Ghiz raises several other issues on appeal. Since there may be a new trial in this case, we find it appropriate to observe that none of these other issues constitutes reversible error.

Reversed.

1. While the government contends that the testimony was admitted without objection, the record clearly indicates that defense counsel vigorously objected to its admission at the in-chambers suppression hearing and preserved the continuing objection at that time without the necessity of voicing another objection as the evidence was presented to the jury.